reduce the damages.  People v. Bank of North America, 75 N. Y. 548; 2 Greenl. Ev. § 276.  Nay, more.  Not only may plaintiff maintain the action for the unlawful detention of his goods, but, upon the allegation in the complaint (not withdrawn or restricted, but amplified, rather, in the opening) that by the wrongful and malicious termination of the contract, and seizure of his goods, his business was broken up, he may recover to the full extent for the destruction of the business.

It is clear beyond rational controversy that, upon the face of his pleading and opening, the plaintiff is entitled to legal redress; and hence the conclusion that the court erred in the dismissal of the complaint.

Judgment reversed, and new trial ordered, costs to abide the event.

BISCHOFF, J., concurs.

DALY, C. J. (concurring).  The action which the plaintiff has brought for unlawful seizure and detention of his books and property, and for injury to his business, is the only one in which he could be adequately compensated for the actual damage he has sustained, if his allegations in that regard are substantiated.  The action for the breach of his contract with the defendant would only give him as damages the value of the contract, which was for only one year, while the damage actually done, as he claimed, is much more extensive; since the seizure and detention of his books and papers caused a disruption of a business which he had built up and maintained long before his connection with defendant, which he might prosecute indefinitely after those relations were at an end, and which might be altogether destroyed, if interrupted by defendant in such a manner as to entail the loss of customers, trade, and good will.  As this form of action may be maintained, as pointed out by Judge PRYOR, I concur for reversal and a new trial.

---

(14 Misc. Rep. 461.)

SCHOENHOLTZ v. THIRD AVE. R. CO.

(City Court of New York, General Term.  November 26, 1895.)

BAILMENT—INJURY TO PROPERTY—COST OF REPAIRS.

In an action by a bailee for hire to recover for damages to the property caused by the carelessness of the defendant, evidence of the amount which plaintiff may have paid to have the damage repaired is admissible.

Appeal from trial term.

Action by Morris Schoenholtz against Third Avenue Railroad Company.  There was a judgment in favor of plaintiff, and defendant appeals.  Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
M. Strassman, for respondent.

FITZSIMONS, J.  The evidence shows that the plaintiff hired the wagon damaged.  He therefore had a special property in the same.

That being so, and it having been damaged by the carelessness of the defendant, the plaintiff had the right to recover; to have the damage repaired, and charge the expense thereof to the defendant. So the trial justice was right in allowing plaintiff to prove what he had to pay to have such damage repaired. That is the only exception taken to the admission or exclusion of testimony. The only exception to the judge's charge is based upon that part of the charge which directs the jury to find for plaintiff for such repairs, the amount being $23.50, in case they rendered a verdict in his favor. All the rest of the exceptions are taken to certain requests which plaintiff requested the court to charge in his favor, and also because of the refusal of the court to charge certain requests of the defendant. The judge's charge, in our opinion, submitted to the jury fully and fairly the law of the case. It appears to us that it was very much in defendant's favor, because of the fact, apparently, that plaintiff's counsel deemed it his duty to submit 28 requests to charge. Many of them were substantially embraced in the judge's charge. The defendant submitted 17 such requests. Many of them also were included in the judge's charge. A careful reading of all these 45 requests convinces us that the main object counsel had in view in their submission was to entrap the trial justice, and to obtain something which they were unable to secure during the submission of the evidence or against the judge's charge, viz. a good exception. Such a practice should not be encouraged. As before stated, the judge's charge contained all the law that it was necessary for the jury to know, so far as this case was concerned; and counsel certainly were satisfied with it, because no substantial objection was taken to it; and counsel, in all fairness, should have rested there. Every request that was charged in plaintiff's favor and at his suggestion was excepted to by the defendant's counsel, and every request that the justice refused to charge as requested by the defendant was excepted to, as well as any modification of such requests; but none of the exceptions so taken, in our judgment, should entitle defendant to a new trial. The judgment must be affirmed, with costs.